# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL HENRY SMITH, | : | |
| Plaintiff, | : | |
| vs. | : | CA 16-0086-CG-C |
| ALPHABET INC., et al., | : | |
| Defendants. | | |

## REPORT AND RECOMMENDATION

This cause is back before the undersigned, for issuance of a report and recommendation in accordance with 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72(a)(2)(S), upon referral by Senior District Judge Callie V.S. Granade (*see* Doc. 25), following a limited remand by a panel of the Eleventh Circuit Court of Appeals to determine "whether Smith is able to establish that diversity jurisdiction exists." (Doc. 24, at 2-3 (citing cases standing for the proposition that the party invoking jurisdiction must establish by a preponderance of the evidence diversity of citizenship)).[1] In accordance

---

[1] The panel's decision reads, in relevant measures, as follows:

If the district court determines that complete diversity did not exist at the time that the complaint was filed, it should vacate its July 5, 2016 order and judgment, and dismiss the case for lack of subject-matter jurisdiction, providing this Court with a copy of the judgment. *See Am. Motorists,* 600 F.2d at 16 (instructing the district court to dismiss the action for lack of jurisdiction if the plaintiff was unable to establish diversity of citizenship on remand); *cf. Rolling Greens,* 374 F.3d at 1023 (instructing the district court to remand a removed action to state court if the removing party w[as] unable to establish diversity of citizenship on remand).

If the district court determines that the parties were completely diverse, it should enter an order to that effect and return the record, as supplemented, to this

(Continued)

with the limited remand, the Court provided Plaintiff the opportunity to establish diversity jurisdiction as of the time of the filing of the amended complaint on April 22, 2016. (*See* Doc. 26.) Indeed, the Court's Order, dated February 17, 2017, extended the following guidance to the *pro se* Plaintiff:

> [I]t need be noted that a conclusory allegation of diverse citizenship, as contained in the amended complaint, is insufficient. *Moreno v. Breitburn Florida, LLC,* 2011 WL 2293124, *1 (M.D. Fla. Jun. 9, 2011); *see also Toms v. Country Quality Meats, Inc.,* 610 F.2d 313, 316 (5th Cir. 1980) ("[W]hen jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.'"). More importantly, plaintiff need understand that "'[d]iversity jurisdiction requires complete diversity, every plaintiff must be diverse from every defendant.'" *Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC,* 710 F.3d 1221, 1224 (11th Cir. 2013) (footnote added), quoting *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998); *see also Lincoln Property Co. v. Roche,* 546 U.S. 81, 89, 126 S.Ct. 606, 613, 163 L.Ed.2d 415 (2005) ("Since *Strawbridge v. Curtiss,* 3 Cranch 267, 2 L.Ed. 435 (1806), we have read the statutory formulation 'between . . . citizens of different States' to require complete diversity between all plaintiffs and all defendants."). With respect to the defendants named in the amended complaint, it need be understood that "[f]or well over a century, federal law has drawn a sharp distinction between corporations and virtually every other form or association for purposes of determining diversity of citizenship." *Underwriters at Lloyd's, London v. Osting-Schwinn,* 613 F.3d 1079, 1086 (11th Cir. 2010).

---

> Court for further proceedings. *See Rolling Greens,* 374 F.3d at 1023 (explaining that, if on remand the party invoking federal jurisdiction carries its burden to establish diversity of citizenship, "we retain jurisdiction to consider the merits of th[e] appeal").

(*Id.* at 3.)

> On the one hand, corporations are considered legal persons whose citizenship does not depend on that of their shareholders, a rule that extends back at least to the case of *Louisville, Cincinnati, and Charleston Railroad Co. v. Letson,* 43 U.S. (2 How.) 497, 557-58, 11 L.Ed. 353 (1844). *See also MacGinnitie v. Hobbs Group, LLC,* 420 F.3d 1234, 1239 (11th Cir. 2005). On the other hand, unincorporated associations do not themselves have any citizenship, but instead must prove the citizenship of each of their members to meet the jurisdictional requirements of 28 U.S.C. § 1332. Furthermore, no matter the particular features of an unincorporated entity, it has long been "[t]he tradition of the common law . . . to treat as legal persons only incorporated groups and to assimilate all others to partnerships," which must plead the citizenship of each member. *Puerto Rico v. Russell & Co.,* 288 U.S. 476, 480, 53 S.Ct. 447, 77 L.Ed. 903 (1933).

*Id.* Stated somewhat differently, while a "corporation is a citizen of (1) its state of incorporation[] and (2) the state where it has its principal place of business[,]" *Lewis v. Seneff,* 2008 WL 3200273, *2 (M.D. Fla. Aug. 5, 2008), citing 28 U.S.C. § 1332(c)(1),[2] "an unincorporated entity such as a limited liability company" is a citizen "of every state in which each of [its] members are citizens." *Id.* (citations omitted); *see also Americold Realty Trust v. Conagra Foods, Inc.,* 136 S.Ct. 1012, 1015, 194 L.Ed.2d 71 (2016) ("Congress never expanded this grant of citizenship [set forth in § 1332(c)] to include artificial entities other than corporations, such as joint-stock companies or limited partnerships. For these unincorporated entities, we too have 'adhere[d] to our oft repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of "all [its] members."'" (citations omitted)).[3] Therefore, to the extent a named

---

[2] "The undersigned notes that, in general, '[a] corporation incorporated in a foreign country is a citizen of that country for purposes of diversity jurisdiction.' *Panalpina Welttransport GmBh v. Geosource, Inc.,* 764 F.2d 352, 354 (5th Cir. 1985). 'Like a domestic corporation, an alien corporation may add an additional place of citizenship for diversity purposes if its principal place of business is within one of the states of the United States.' *Id.; compare id. with* 28 U.S.C. § 1332(c)(1) ('[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]')." (Doc. 26, at 4 n.3.)

[3] "The Supreme Court has 'identified the members of a joint-stock company as its shareholders, the members of a partnership as its partners, the members of a union as the workers affiliated with it, and so on.' [*Americold Realty Trust v. Conagra Foods, Inc.,* 136 S.Ct. at 1015] (citations omitted); *see also Underwriters at Lloyd's, London, supra,* 613 F.3d at 1089 (Continued)

3

>     defendant is a corporation, the plaintiff obviously need identify both its state of incorporation and the state where it has its principal place of business. And with respect to any unincorporated entity, Mr. Smith must obviously identify every state in which each of its members (for example, partners) are citizens.

(Doc. 26, at 2-4 (some footnotes retained, while some are omitted)).

Smith filed his reply to the foregoing Order on April 20, 2017. (*See* Doc. 32.) Based on that reply, the undersigned is constrained to find that Plaintiff has not proven, by a preponderance of the evidence, facts supporting the existence of diversity jurisdiction at the time of the filing of the amended complaint on April 22, 2016. *Compare Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 830, 109 S.Ct. 2218, 2222, 104 L.Ed.2d 893 (1989) ("The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed.") *with McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir. 2002) ("[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."). Accordingly, the undersigned need recommend that this Court vacate its July 5, 2016 order and judgment and dismiss this action for lack of subject-matter jurisdiction.

Plaintiff's initial stumble is with his use of the broad and conclusory statement that "[t]here is not a knowable defendant that is not diverse to the plaintiff." (Doc. 32, at 2.) As Plaintiff was informed by this Court's Order dated February 17, 2017, "a conclusory allegation of diverse citizenship . . . is insufficient." (Doc. 26, at 2 (citing *Moreno v. Breitburn Florida, LLC,* 2011 WL 2293124, *1 (M.D. Fla. Jun. 9, 2011) and *Toms v.*

---

("'General partnerships, limited partnerships, joint stock companies, and unincorporated membership associations all are treated as citizens of every state of which any partner or member is a citizen.'" (citation omitted))." (Doc. 26, at 4 n.4.)

*Country Quality Meats, Inc.,* 610 F.2d 313, 316 (5th Cir. 1980)). Again, "such conclusory allegations, sometimes referred to as Mother Hubbard allegations[,]" are insufficient for purposes of establishing diversity of citizenship. *Fuzzell v. DRC Emergency Servs., LLC,* 2015 WL 412889, *3 (N.D. Ala. Jan. 30, 2015).

In addition, even though Plaintiff was specifically informed that, with respect to corporations, he "need identify both its state of incorporation and the state where it has its principal place of business[,]" (Doc. 26, at 4), his reply nowhere separately identifies each corporation's state (or states) of incorporation and the state where each such corporation has its principal place of business. *Compare Flintlock Constr. Servs., supra,* 710 F.3d at 1224 ("A corporation is considered a citizen of every state in which it has been incorporated and where it has its principal place of business.") *with Muscle Shoals Associates, Ltd. v. MHF Ins. Agency, Inc.,* 792 F.Supp. 1224, 1226-27 (N.D. Ala. 1992) ("[A]llegations regarding the citizenship of a corporation must set out the principal place of business as well as the state of its incorporation."). Instead, Smith simply lists each corporation and provides a single address for the corporations he identifies (*see, e.g.,* Doc. 32, at 2, 3, 4, 6 & 7), without specifically indicating where each corporation was incorporated and where each has its principal place of business (*see id.*). This Court simply cannot fill in the blanks left by Smith or "presume" from the address Plaintiff attaches to each corporation that the corporation was both incorporated in the state mentioned in that address and has its principal place of business in that state as well; rather, it was Plaintiff's burden to identify each corporation's state of incorporation and the state where it has its principal place of business and his failure to provide this information must now result in the dismissal of this action for want of jurisdiction. *Compare, e.g.,*

*Fitzgerald v. Seaboard System Railroad, Inc.,* 760 F.2d 1249, 1251 (11th Cir. 1985) (recognizing that federal jurisdiction can never be created by the parties and concluding that plaintiff had not "fulfilled his duty in establishing the principal place of business of the defendant Seaboard, as is his obligation . . . .") and *Wylie v. Red Bull North America, Inc.,* 627 Fed.Appx. 755, 758 (11th Cir. Sept. 21, 2015) (in affirming the district court's dismissal without prejudice of plaintiff's amended complaint for lack of jurisdiction, the appellate court noted the following: "Here, plaintiff Wylie's amended complaint does not, on its face, allege that defendant Red Bull's principal place of business is California. Plaintiff Wylie's 'evidence' . . . shows only that, for the purpose of a corporate filing with the Georgia Secretary of State, defendant Red Bull listed a California address as its 'Principal Office Address' and listed the same address for several corporate officers. That alone is insufficient under *Hertz*.[4] [] The fact that the CEO, CFO, and Secretary of defendant Red Bull are listed on the form as sharing that 'Principal Office Address' does not establish Red Bull's principal place of business under the 'nerve center' test."

---

[4] In *Hertz Corp. v. Friend,* 559 U.S. 77, 80, 130 S.Ct. 1181, 1186, 175 L.Ed.2d 1029 (2010), the Supreme Court concluded that "the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities."

> In *Hertz Corp. v. Friend,* the United States Supreme Court adopted the "nerve center" test to determine a corporation's principal place of business. 559 U.S. 77, 92-93, 130 S.Ct. 1181, 1192, 175 L.Ed.2d 1029 (2010). The "nerve center" refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* It is generally "the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Id.* at 93, 130 S.Ct. at 1192 . . . .

*Wylie, supra,* 627 Fed.Appx. at 757-58.

(footnote added)) *with Bio-Medical Applications of Georgia, Inc. v. City of Dalton, Ga.,* 685 F.Supp.2d 1321, 1339 (N.D. Ga. 2009) ("A pleading is insufficient for jurisdictional purposes when it lacks an allegation of both a corporation's state of incorporation and the location of its principal place of business.").[5]

Turning to the information Smith has provided with respect to those entities that are not corporations, that is, various partnerships and limited liability corporations, the reply is deficient in numerous respects. This Court previously explained to Smith that "'an unincorporated entity such as a limited liability company [or a general or limited partnership]' is a citizen 'of every state in which each of [its] members are citizens.'" (Doc. 26, at 4, quoting *Lewis v. Seneff,* 2008 WL 3200273, *2 (M.D. Fla. Aug. 5, 2008)). Indeed, "[i]f a member of such an entity is itself a non-corporate entity, the court must continue to drill down through the member entities until only individuals and corporations remain." *Fuzzell, supra,* at *1, citing *Meyerson v. Harrah's East Chicago Casino,* 299 F.3d 616, 617 (7th Cir. 2002). Plaintiff's reply runs afoul of this principle of law in failing, for

---

[5] The Court's February 17, 2017 Order also explained to Smith that "'[a] corporation incorporated in a foreign country is a citizen of that country for purposes of diversity jurisdiction[,]'" (Doc. 26, at 4 n.3, quoting *Panalpina Welttransport GmBh v. Geosource, Inc.,* 764 F.2d 352, 354 (5th Cir. 1985)), and, further, "'an alien corporation may add an additional place of citizenship for diversity purposes if its principal place of business is within one of the states of the United States.'" (*Id.,* quoting *Panalpina Welttransport GmBh,* 764 F.2d at 354). Despite being forearmed with this information and acknowledging that at least one identified defendant is a foreign corporation headquartered in the United States (*see* Doc. 32, at 7), Smith does not specifically identify the foreign country in which Mitsui & Co., Ltd. was incorporated and the Court is left to infer that it has its principal place of business in California (*see id.*). In addition, the undersigned is unable to discern whether Freehostingeu, presumably a German corporation (*see id.* at 6), which Plaintiff acknowledges does business in the United States (*id.*), has its principal place of business in the United States or is otherwise also incorporated in a state in the United States. Finally, Smith does not make clear in what foreign countries Telefonica Digital and Telestra and Telestra Ventures Group were incorporated, given that they presumably are foreign corporations (*see* Doc. 32, at 11). Smith's numerous deficiencies leave this Court chasing its jurisdictional tail and signal that this cause should be dismissed for lack of subject-matter jurisdiction.

instance, to identify the specific partners or member entities of General Atlantic, an entity Plaintiff specifically describes as "an LLC in some parts[.]" (Doc. 32, at 7.) Smith goes on to state, in a conclusory manner, that "none of the partners in the LLC are individuals[]" but, instead, "are all Delaware based companies." (*Id.*) However, these type allegations are simply insufficient for purposes of establishing diversity jurisdiction because, in the absence of knowledge of the exact identity of the partners (or members) in the LLC, this Court has no basis upon which to determine the exact citizenship of the member entities of General Atlantic. *See Lewis, supra,* at *3 ("Without the information concerning the citizenship of each limited liability company's membership, Plaintiff's have not shown that this Court has subject matter jurisdiction."). This problem becomes even more magnified with respect to SAP VENTURES/Sapphire Ventures LLC, Smith simply noting that Sapphire Ventures LLC "[i]s an LLC but its partners are other companies, each helmed by a White Shoes representative. There is no information available on any owners of any of the partners." (Doc. 32, at 10.) Again, it is Smith's burden to prove, by a preponderance of the evidence, facts supporting the existence of diversity jurisdiction, *see Moreno, supra,* at *2 ("[I]n an action filed directly in federal court, plaintiff bears the burden of adequately pleading, and ultimately proving, jurisdiction."), and nothing about the foregoing statement in any way establishes the citizenship of Sapphire Ventures LLC's members,[6] *see Cherry Group LLC v. D.B. Zwirn Special Opportunities Fund, L.P.,* 2014 WL 2801076, *1 (M.D. Fla. Jun. 19, 2014) ("[I]n order to sufficiently allege the citizenship of an unincorporated business entity, a party must list the citizenships of all the members of that entity."). In

---

[6] Plaintiff does not even identify the "companies" that are purportedly the partners in Sapphire Ventures LLC. (*See* Doc. 32, at 10.)

light of these deficiencies, this Court is unable to "drill down through the member entities until only [identified/known] individuals and corporations remain." *Fuzzell, supra.*

In addition, the undersigned notes that "[b]ecause courts must 'count *every* member of an unincorporated association for purposes of diversity jurisdiction,' *Carden,* 494 U.S. at 195, 110 S.Ct. 1015 (emphasis added), complete diversity is destroyed when even one partner or member of an unincorporated association is stateless." *Orchid Quay, LLC v. Suncor Bristol Bay, LLC,* 178 F.Supp.3d 1300, 1304 (S.D. Fla. 2016) (citations omitted). In other words, "citizens of the United States and other entities still might be citizens of no state at all under the diversity statute. For instance, United States citizens who are domiciled abroad are citizens of no state; their '"stateless" status destroy[s] complete diversity under § 1332(a)(3), and [their] United States citizenship destroy[s] complete diversity under § 1332(a)(2).'" *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra,* 661 F.3d 124, 126 (11th Cir. 2011), quoting *Newman-Green, Inc., supra,* 490 U.S. at 829.

> United States "citizens domiciled abroad are neither 'citizens of a State' under § 1332(a) nor 'citizens or subjects of a foreign state' and therefore are not proper parties to a diversity action in federal court." *Molinos Valle Del Cibao, C. por A. v. Lama,* 633 F.3d 1330, 1341 (11th Cir. 2011) (citing *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 828-29 (1989)). As such, a United States citizen with no domicile in any state of the United States is "stateless" and cannot satisfy the complete diversity requirement. *King v. Cessna Aircraft Co.,* 505 F.3d 1160, 1170 (11th Cir. 2007) [ ]. For purposes of diversity jurisdiction, a limited liability company is a citizen of all the states in which each of its members are citizens. *Rolling Greens MHP, L.P.,* 374 F.3d at 1022 [ ].

> Putting together the principles that (a) an American citizen living abroad is "stateless" and cannot sue or be sued in federal court based on diversity jurisdiction, and (b) the citizenship of the individual members of an LLC determine the citizenship of the LLC, results in the conclusion that if an LLC has among its members any United States citizen who is domiciled

> abroad, the LLC is "stateless" and cannot sue or be sued in federal court based on diversity jurisdiction.

*Kapota v. 7L Capital, LLC,* 2014 WL 12623686, *2 (M.D. Fla. Feb. 12, 2014), *report and recommendation adopted,* 2014 WL 12625098 (M.D. Fla. Apr. 18, 2014). Likewise, if a partnership has among its partners one partner who is a stateless person, by virtue of being a United States citizen domiciled abroad, the partnership is stateless and cannot be sued in federal court based on diversity jurisdiction. *Compare id. with D.B. Zwirn Special Opportunities Fund, L.P., supra,* 661 F.3d at 127 ("Therefore, if even one of Zwirn's members is another unincorporated association, and if that association has one member or partner that is either a stateless person or an entity treated like a stateless person, we would not have diversity jurisdiction over this matter.").

This stateless principle appears to pose a problem for Smith in that Adam R. Fisher, a partner in Bessemer Venture Partners (*see* Doc. 32, at 4 ("Adam Fisher, he resides in Herzliya, Israel[.]")), may be a United States citizen living/domiciled abroad, *see, e.g.,* http://www.savantsinthelevant.com (last visited May 16, 2017, at 3:57 p.m.) (Fisher's blog in which he describes himself as an "American-Israeli living and breathing Israeli high-tech [and] partner in the Herzliya office of Bessemer Venture Partners[.]"), who would thereby destroy diversity jurisdiction in this matter.[7] *See D.B. Zwirn Special Opportunities Fund, L.P., supra,* 661 F.3d at 127. Certainly, Plaintiff's reply to the Court's

---

[7] It is also not clear whether this "stateless" principle applies to other partners identified in this case, namely Vishal Gupta of Bessemer Venture Partners (*see* Doc. 32, at 4 (identifying Gupta as residing in "Bangalore, India")), as well as Scott Sandell (*id.* at 8 (identifying Sandell as residing in both Menlo Park, California and the People's Republic of China)) and Carmen Chang (*id.* at 9 (identifying Chang as residing in Asia, Menlo Park, California, and the People's Republic of China)) of New Enterprise Associates.

February 17, 2017 Order (*see* Doc. 32) does not offer enough detail in this regard to satisfy the undersigned that diversity jurisdiction may be exercised in this matter.

## **CONCLUSION**

Based on the foregoing, the undersigned recommends that that this Court find that Plaintiff has not proven, by a preponderance of the evidence, facts supporting the existence of diversity jurisdiction at the time of the filing of the amended complaint on April 22, 2016. Accordingly, the Court's order and judgment dated July 5, 2016 should be vacated and this action should be dismissed for lack of subject-matter jurisdiction.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the

disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 18th day of May, 2017.

s/P. BRADLEY MURRAY  
**UNITED STATES MAGISTRATE JUDGE**
